UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHNEY MCCRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-03006-SEB-DML |
| | ) | |
| ALEJANDRO R., | ) | |
| NAT GIBSON, | ) | |
| K. STEPHEN, | ) | |
| D. KODY, | ) | |
| KODY DETAMORE, | ) | |
| JOSHUA MYERS, | ) | |
| DAN HUNKELER, | ) | |
| TIM HENNINGER, | ) | |
| ROY SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PENDING MOTIONS**

Plaintiff Johney McCray, a prisoner at the Howard County Jail in Kokomo,

Indiana, *pro se* initiated this civil rights lawsuit on October 20, 2020, in Howard Superior

Court (Indiana). Defendants removed this action on November 16, 2020, invoking our

federal question jurisdiction under 28 U.S.C. § 1331. On December 4, 2020, we screened

Plaintiff's Complaint and, following careful review, dismissed the complaint for its

failure to state any claim upon which relief could be granted. *See* 28 U.S.C. § 1915A(b).

We allowed Plaintiff to file an amended complaint within forty days from the date of our

screening order or risk losing his claims for good.

Plaintiff timely complied with this request and filed his amended complaint on

January 5, 2021. Defendants have now filed a Motion for Screening of Plaintiff's

Amended Complaint, pursuant to 28 U.S.C. § 1915A. Because 28 U.S.C. § 1915A(a)

requires us to screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," Defendants' motion is therefore **granted.** For the reasons stated herein, Plaintiff's Amended Complaint must be **dismissed.**

Also before the Court is Plaintiff's Motion to Appoint Counsel [Dkt. 13] as well as his "Motion for Leave in Support to Compell [*sic*] Response for Counsel," in which Plaintiff seeks a ruling on his pending Motion to Appoint Counsel. These motions are both **denied as moot**.[1]

## Discussion

## I.      Screening of Plaintiff's Complaints Pursuant to 28 U.S.C. § 1915A(a)

### A.   Standard of Review

As set forth in our initial screening order, our court must dismiss any complaint, or any portion thereof, if it is determined to be legally frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

---

[1] Plaintiff has also filed a motion entitled "Motion to Object and Remand Notice of Removal" ("Motion to Remand"), in which he contends that Defendants' Notice of Removal was procedurally defective. Defendants have opposed this motion, and, on April 2, 2021, Plaintiff filed a "Motion for Leave to Withdraw Plaintiff's Motion for Objection to Remand," seeking to withdraw his objections to Defendants' Notice of Removal. Because this case invokes our federal question jurisdiction, we **grant** Plaintiff's Motion for Leave to Withdraw and **deny as moot** his Motion to Remand.

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Put differently, it is not enough for Plaintiff to say that he has been illegally harmed. He must also state enough facts in his complaint to allow the Court to infer the ways in which the named Defendants could be held liable for the harm alleged.

Thus "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).  *Pro se* complaints such as this filed by Plaintiff are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

B.  <u>The Dismissal of Plaintiff's Original Complaint</u>

Officer Dan Hunkeler was the sole defendant referenced in the body of Plaintiff's original complaint. Aside from listing the names of the other eight officers as defendants, Plaintiff's Complaint did not actually accuse them of any wrongdoing. Accordingly, we ruled that Plaintiff's Complaint must be dismissed against each of these officers.

While Plaintiff's original Complaint mentioned Officer Hunkeler, it nonetheless fell short in providing sufficient factual details against him. Plaintiff specifically alleged that, on March 14, 2020, he called 911 in response to an "unwelcomed" and "intoxicated

guest" "being very disruptive in his apartment." We inferred from this allegation that the guest, identified as Jennifer Moore, was no stranger to Plaintiff. According to Plaintiff, Ms. Moore's disruptive behavior was violative of his apartment complex's policies as well as Ms. Moore's "Child Protective Agreement," which required her to abstain from illegal drugs and substances. Ms. Moore's actions were apparently captured on Officer Hunkeler's body camera; however, Officer Hunkeler "refus[ed] to investigate" or to "perform [his] duties at a reasonable level." Asserting that Officer Hunkeler committed "constitutional rights violations," including the violation of Plaintiff's Fourteenth Amendment rights, Plaintiff alleged that as consequence he had lost "income, dwelling, [and] automobile," as well as "parental custody and rights of [his children]."

Having carefully reviewed Plaintiff's Complaint against Officer Hunkeler, we concluded that it did not comply with Rule 8 of the Federal Rules of Civil Procedure in that it failed to state a claim showing that Plaintiff is entitled to relief. For example, Plaintiff's complaint failed to connect Officer Hunkeler to any of the alleged wrongdoings, including the vaguely alleged property losses.  We also informed Plaintiff that we were unable to remedy his challenges to the revocation of his parental custody rights:

> It is well-established that federal courts do not have subject matter jurisdiction to adjudicate child custody disputes.  *Kowalski v. Boliker*, 893 F.3d 987, 995 (7th Cir. 2018). Additionally, a judicial ruling reference to as the *Rooker-Feldman* doctrine bars federal district courts from reviewing or overturning a state court's decisions, including one related to parental custody. *Scully v. Goldenson,* 751 Fed. Appx. 905, 908 (7th Cir. 2018); *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000) ("[T]the Rooker–Feldman doctrine bars federal jurisdiction when the federal plaintiff alleges that her injury was caused by a state court judgment . . . no matter how erroneous or unconstitutional the state court

judgment may be[.]"). To the extent Plaintiff wishes to contest a ruling related to his custody rights, he must pursue that claim via appellate review in the state court.

[Dkt. 9, at 4].

Finally, we rejected Plaintiff's allegations that Officer Hunkeler failed to properly investigate the grounds for Plaintiff's 911 call, which we interpreted as an attempt to invoke the Fourteenth Amendment Substantive Due Process Clause. We explained:

> [A] police officer's failure to investigate does not give rise to a viable Fourteenth Amendment Substantive Due Process claim, unless the officer is alleged to have taken affirmative steps (excluding any failures to act) to create or exacerbate a danger that harmed the plaintiff. *King ex rel. King v. E. St. Louis Sch. Dist.* 189, 496 F.3d 812, 817 (7th Cir. 2007); *Hernandez v. City of Goshen*, 324 F.3d 535, 538, 2003 WL 1698061 (7th Cir. 2003). Here, Plaintiff has not alleged that Officer Hunkeler took any such affirmative, proactive action. Indeed, once again, the Complaint is devoid of any allegations describing Plaintiff's interactions with Officer Hunkeler on March 14, 2020, or otherwise explaining how Officer Hunkeler responded to the 911 call on this date. Consequently, Plaintiff has not presented any facts supporting an inference that Officer Hunkeler violated the Fourteenth Amendment.

[Dkt. 9, at 5].

For these reasons, we concluded that Plaintiff's Complaint as drafted must be dismissed. We nonetheless provided Plaintiff an opportunity to draft and file an amended complaint that set out his claims more clearly and thus satisfied Rule 8.

C. <u>Plaintiff's Amended Complaint Must Also Be Dismissed</u>

Plaintiff timely filed his amended complaint, which charges Defendants with violating Plaintiff's children's Fourteenth Amendment Due Process Rights, participating in a "conspiracy theory," "manufacturing false inculpatory evidence and unwarranted search and seizure," and "malicious prosecution." Again, following our careful review,

we find that the amended complaint fails to state any claim upon which relief can be granted.

With respect to Plaintiff's potential "failure to investigate" claim, the Amended Complaint reiterates Plaintiff's previous allegations that the officers did not adequately investigate or respond to his 911 call. He specifically alleges that Defendants, by failing to properly investigate his call, "turned a blind eye" to the fact that his children's "life and safety could be in grave danger" because Ms. Moore (who we infer to be the mother of the children) was caring for them while potentially intoxicated. This failure to properly investigate and protect the children violated their Fourteenth Amendment Due Process rights, says Plaintiff.

We begin by noting that there is no allegation in Plaintiff's complaint that his children were, in fact, in harm's way on the evening of March 14, 2020. Moreover, Plaintiff's amended complaint lacks claims of any *affirmative conduct* by which Defendants created or exacerbated a danger to Plaintiff or his children. As we previously explained, the Defendants inaction, that is, their failure to investigate, is not enough to establish their liability for any constitutional violations. *Hernandez v. City of Goshen, Indiana*, 324 F.3d 535, 538 (7th Cir. 2003) ("[No matter how egregious [plaintiffs] might find the City's failure to investigate credible threats of private violence such as the one posed by Wissman, the City's conduct was not unconstitutional."); *id.* ("[The City had no duty to the residents of Goshen to provide a police department whose policy is to investigate threats of violence, even credible ones, made by private persons and reported by private persons.). This is the rule even when in the context of claims of abuse of

6

children. *See, e.g.*; *DeShaney v. Winnebago County Dept. of Social Svcs.,* 489 U.S. 189, 201 (1989) (holding that social workers who knew or should have known that child's father was abusing him yet failed to intervene did not create or exacerbate danger to child); *Windle v. City of Marion, Indiana*, 321 F.3d at 660–61 (7th Cir. 2003) (finding no § 1983 liability where police officers learned of potential danger to the plaintiff by listening to conversations between her and her sexual abuser over a police scanner but did nothing to investigate the situation or to prevent further abuse). Having provided Plaintiff with the opportunity to amend his complaint to include additional facts supporting this claim, we now can see that further amendments would be futile.

The remainder of Plaintiff's Amended Complaint focuses on his arrest on March 14, 2020, which led to state criminal charges for aggravated battery posing a substantial risk, domestic battery by means of a deadly weapon, and domestic battery resulting in moderate bodily injury. On March 9, 2021, Plaintiff entered a plea of guilty on this charge of domestic battery resulting in moderate bodily injury. Pursuant to his plea agreement with state prosecutors, the other charges were dismissed.[2]

Plaintiff's Amended Complaint asserts that Officer Hunkeler, in the course of responding to the 911 call, "falsely reported that [he] had blood on [his] dark blue tee-shirt," made "several false and misleading statements" in a probable cause affidavit, and "planted" evidence in the form of a "black handle" in Plaintiff's vehicle. This alleged misconduct from Officer Hunkeler, who was in conspiracy with his fellow officers,

---

[2] We take judicial notice of this state court docket. *See State of Indiana v McCray*, 34D01-2003-F3-000840.

allegedly gave rise to the aforementioned criminal charges. Based on these allegations, Plaintiff advances the following causes of action: "Conspiracy theory" (Count II), "Manufacturing False Inculpatory Evidence & Unlawful Search and Seizure" (Counts III & IV), and "Malicious Prosecution." The claims, however, are *Heck*-barred and therefore must be dismissed.

Pursuant to the well-established *Heck* doctrine, a plaintiff who has been convicted of a crime cannot seek damages under 42 U.S.C. § 1983 for harm "caused by actions whose unlawfulness would render a conviction or sentence invalid." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  In order to pursue damages for an allegedly unconstitutional conviction or imprisonment, a plaintiff must first prove that the conviction has been reversed, declared invalid, or otherwise dismissed. *Id.* "A claim for damages bearing that relationship to a conviction that has not been so invalidated is not cognizable under § 1983." *Id.* Accordingly, when a party seeks damages in lawsuits such as this one:

> [T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that this conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's actions, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed[.]

[*Id.* at 486-87].

Thus, in such cases, the complaint "must be closely examined in order to determine whether success would imply the invalidity of an underlying conviction or sentence." *Slaughter v. Rutledge*, 2018 WL 1126726, at *6 (C.D. Ill. Mar. 1, 2018).

To the extent Plaintiff seeks to challenge his conviction for domestic battery resulting in moderate bodily injured on the grounds that his arrest was based on false or fabricated evidence, that claim is in a non-started because it is *Heck*-barred. *Id. See also McDonough v. Smith*, 139 S. Ct. 2149, 2158 (2019) (holding that allegations of fabricated evidence "necessarily" question the validity of the conviction).

In addition, to the extent that Plaintiff's claims are tethered to any charges that were ultimately dismissed (aggravated battery posing a substantial risk and domestic battery by means of a deadly weapon) pursuant to the plea agreement, we hold that such claims are also *Heck*-barred.

Challenges to an arrest which culminated in criminal charges that were eventually dismissed would not typically be *Heck*-barred. However, in the circumstances presented here, Plaintiff does not challenge any aspect of his arrest that is unrelated to or could be viewed independently from his ultimate conviction for domestic battery resulting in moderate bodily injury. *Slaughter*, 2018 WL 1126726, at *7. Put another way, his arguments and allegations, assuming *arguendo* that he has anchored them to the dismissed charges, are so closely intertwined with his guilty plea that success on these claims would necessarily imply the invalidity of his conviction. *Id.*; *Jordan v. Klamenrus*, 2020 WL 4547879, at *2 (N.D. Ill. Aug. 6, 2020) (holding that allegations that officers had fabricated evidence of a gun were *Heck*-barred where plaintiff had pled guilty to reckless discharge of a firearm and the prosecution had dismissed charges for unlawful possession by a felon and aggravated unlawful use of a weapon *nolle prosequi*).

If proven, for example, that Officer Hunkeler lied in the probable cause affidavit regarding his observations of the interactions between Plaintiff and Ms. Moore on the evening of Plaintiff's arrest, Plaintiff's conviction, in addition to his arrest for the dismissed charges, would necessarily be called into question. *Jordan*, 2020 WL 4547879, at *2. Consequently, Plaintiff's claims cannot proceed here pursuant to *Heck*. *Id.* Further, because these claims are *Heck*-barred, Plaintiff will not be afforded an opportunity to file a second amended complaint.

## CONCLUSION

Plaintiff's Motion for Leave to Withdraw the Motion for Objection to Remand [Dkt. 20] is **granted**; his Motion for Objection to Remand [Dkt. 11] is **denied as moot.**

Plaintiff's Motion for Assistance with Recruiting Counsel [Dkt. 13] and Motion for Leave in Support to Compell [*sic*] Response for Counsel [Dkt. 19] are also **denied as moot.**

Defendants' Motion for Screening [Dkt. 15] is **granted**. Consistent with the rulings herein, Plaintiff's Amended Complaint must be dismissed, and Plaintiff shall not be permitted to further amend his complaint. Final judgment shall now enter. IT IS SO ORDERED.

Date:   8/4/2021

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

10

Distribution:

JOHNEY MCCRAY
40189
Howard County Jail
1800 W. Markland Ave.
Kokomo, IN 46901

Matthew Scott Clark
KNIGHT HOPPE KURNIK & KNIGHT LTD (Rosemont)
mclark@khkklaw.com

Elizabeth Lewandowski
KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
elewandowski@khkklaw.com